IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE MONEY SUITE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-984 (GMS) |
| | ) | |
| 21ST CENTURY INSURANCE AND | ) | **DEMAND FOR JURY TRIAL** |
| FINANCIAL SERVICES, INC.; 21ST | ) | |
| CENTURY INSURANCE GROUP; | ) | |
| FARMERS GROUP, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendants 21st Century Insurance and Financial Services, Inc.; 21st Century
Insurance Group; and Farmers Group, Inc. (collectively "21st Century"), by and through their
undersigned counsel, answer the Complaint of The Money Suite Company ("Plaintiff") as
follows:

## THE PARTIES

1.       21st Century is without knowledge or information sufficient to form a
belief as to the truth of, and therefore denies, the allegations in Paragraph 1 of the Complaint.

2.       21st Century admits the allegations in Paragraph 2 of the Complaint.

3.       21st Century admits the allegations in Paragraph 3 of the Complaint.

4.       21st Century admits the allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.       21st Century admits the allegations in Paragraph 5 of the Complaint.

6.       21st Century does not contest that this Court has personal jurisdiction over
21st Century.  21st Century denies the remaining allegations of Paragraph 6 of the Complaint.

7.      21st Century does not contest that venue is technically proper in this District.  21st Century denies the remaining allegations of Paragraph 7 of the Complaint.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 6,684,189

8.      21st Century admits that U.S. Patent No. 6,684,189 ("the '189 Patent") shows January 27, 2004 as its issue date, and shows Ronald B. Ryan and Ronald G. Marquart as the named inventors for an apparatus and method using front-end network gateways and search criteria for efficient quoting at a remote location.  21st Century admits that the '189 Patent is attached to the Complaint as Exhibit A.  21st Century is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations in Paragraph 8 of the Complaint.

9.      21st Century denies the allegations in Paragraph 9 of the Complaint.

10.     21st Century denies infringement.  21st Century is without sufficient information to form a belief as to the truth of, and therefore denies, the remaining allegations in Paragraph 10 of the Complaint.

11.     21st Century admits that Plaintiff purports to reserve the right to request a finding of willful infringement at the time of trial.  To the extent that any infringement by 21st Century—willful or otherwise—is implied, 21st Century denies the allegations in Paragraph 10 of the Complaint.

12.     21st Century denies the allegations in Paragraph 12 of the Complaint.

13.     21st Century is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 13 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

14.     21st Century denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## DEFENSES

### FIRST DEFENSE
### (No Infringement)

15.     21st Century does not infringe and has not directly infringed, either literally or under the doctrine of equivalents, any properly construed, valid claim of the '189 Patent.

### SECOND DEFENSE
### (Invalidity)

16.     The claims of the '189 Patent are invalid under 35 U.S.C. § 101, § 102, § 103 and/or § 112.

### THIRD DEFENSE
### (Limitation on Damages)

17.     Any damages sought by Plaintiff are statutorily limited by 35 U.S.C. §§ 286 and/or 287.

### FOURTH DEFENSE
### (Laches)

18.     Upon information and belief, Plaintiff's claims are barred by the doctrine of laches.

21st Century reserves the right to assert any other defenses that further discovery and/or investigation may reveal.

## ORIGINAL COUNTERCLAIMS

## PARTIES

19.    21st Century Insurance and Financial Services, Inc. is a Delaware corporation with its principal place of business in Wilmington, Delaware.

20.    21st Century Insurance Group is a Delaware corporation with its principal place of business in Wilmington, Delaware.

21.    Farmers Group, Inc. is a Nevada corporation with its principal place of business in Los Angeles, California.

22.    Upon information and belief, and as alleged in the complaint, The Money Suite Company ("Plaintiff") is a Delaware corporation with its principal place of business in Missoula, Montana.

## JURISDICTION AND VENUE

23.    Plaintiff has filed a Complaint in this Court against 21st Century for patent infringement.

24.    Plaintiff alleges in its Complaint that it is the lawful assignee and has standing to sue for infringement of U.S. Patent No. 6,684,189 (the '189 Patent).

25.    Plaintiff alleges in its Complaint that 21st Century has infringed the '189 Patent.  21st Century denies Plaintiff's allegations.

26.    This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. § 1338(a), the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, as this action is based upon an actual controversy between Plaintiff and 21st Century regarding the invalidity and/or non-infringement by 21st Century of the claims of the '189 Patent.

4

27.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400.

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

28.     To the extent not inconsistent, 21st Century incorporates by reference the allegations of its Answer, Defenses, and Counterclaims as if fully set forth herein.

29.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, 21st Century requests a declaration by the Court that it does not infringe any claim of the 189 patent.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY

30.     To the extent not inconsistent, 21st Century incorporates by reference the allegations of its Answer, Defenses, and Counterclaims as if fully set forth herein.

31.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, 21st Century requests a declaration by the Court that the claims of the '189 Patent are invalid for failure to comply with one or more of the requirements of the patent laws, including, but not, limited to 35 U.S.C. § 101, § 102, § 103 and/or § 112, and the rules and laws pertaining to those provisions.

## PRAYER FOR RELIEF

WHEREFORE, 21st Century respectfully requests the following relief:

1.     That the Court deny Plaintiff any of the relief requested in the Complaint;

2.     That the Court declare that 21st Century has not infringed any claim of the '189 Patent;

3.     That the Court declare that the claims of the '189 Patent are invalid;

Case 1:13-cv-00984-GMS   Document 8   Filed 07/26/13   Page 6 of 7 PageID #: 268

4.      That the Court award to 21st Century its costs and attorneys' fees incurred

in this action; and

5.      That the Court award to 21st Century such other and further relief, both

general and special, at law or in equity, as the Court may deem just and

proper.

### JURY DEMAND

21st Century hereby demands a jury trial on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

---

Rodger D. Smith II (#3778)
Eleanor Tennyson (#5812)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
etennyson@mnat.com

*Attorneys for Defendants 21st Century
Insurance and Financial Services, Inc.;
21st Century Insurance Group and
Farmers Group, Inc.*

OF COUNSEL:

David Bahler
Eagle Robinson
FULBRIGHT & JAWORSKI LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX  78701-4255
(512) 536-3005

July 26, 2013
7393068.2

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 26, 2013, upon the following in the manner indicated:

Brian E. Farnan, Esquire                                    *VIA ELECTRONIC MAIL*
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*

Marc A. Fenster, Esquire                                    *VIA ELECTRONIC MAIL*
Adam S. Hoffman, Esquire
Benjamin T. Wang, Esquire
Michael T. Boardman, Esquire
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
*Attorneys for Plaintiff*

/s/ Rodger D. Smith II
Rodger D. Smith II (#3778)